P. Benjamin Duke
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10036
Telephone (212) 841-1000
pbduke@cov.com

Anthony Herman
Joshua A. Doan
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington DC 20004-2401
Telephone (202) 662-6000
aherman@cov.com
jdoan@cov.com

*Attorneys for Defendants*
*Promontory Financial Group, LLC, and*
*Promontory Forensics Solutions, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
VITALE AML CONSULTANTS, INC.,                           :
                                                        :
                        Plaintiff,                      :   Case No. 1:08-cv-1315-RMB
                                                        :
        v.                                              :
                                                        :
PROMONTORY FINANCIAL GROUP, LLC;                        :
PROMONTORY FORENSIC SOLUTIONS,                          :
LLC; HANI SAMAAN; PROMINENT IT                          :
SOLUTIONS, INC.; RONALD ROSE; AML                       :
CONSULTING SERVICES, INC.; and JOHN                     :
DOES (1-10),                                            :
                                                        :   ECF Case
                        Defendants.                     :
--------------------------------------------------------X

**ANSWER OF DEFENDANTS PROMONTORY FINANCIAL GROUP, LLC, AND
<u>PROMONTORY FORENSICS SOLUTIONS, LLC</u>**

Defendants Promontory Financial Group, LLC, and Promontory Forensics Solutions, LLC (collectively, the "Promontory Defendants"), in answer to Plaintiff's Complaint, state as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. Paragraph 1 contains a description of Plaintiff's claims, to which no answer is required. The Promontory Defendants deny that they have engaged in the unlawful conduct alleged or any other unlawful conduct and deny that Plaintiff is entitled to any or all of the relief requested or to any other relief.

2. Paragraph 2 contains a description of the action, to which no response is required. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 2 and therefore deny each and every allegation contained therein, and deny the remaining allegations contained in the paragraph.

3. Paragraph 3 contains a description of the relief sought, to which no answer is required. The Promontory Defendants deny that Plaintiff is entitled to any or all of the relief requested or to any other relief.

## JURISDICTION AND VENUE

4. Paragraph 4 is a statement of jurisdiction to which no answer is required.

5. The Promontory Defendants admit that this Court has personal jurisdiction over them for purposes of this action and deny the remaining allegations contained in paragraph 5.

6. Paragraph 6 is a statement of venue to which no answer is required.

## THE PARTIES

7. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore deny each and every allegation contained therein.

8. The Promontory Defendants deny that Promontory Financial Group, LLC, maintains its principal place of business at 280 Park Avenue, 40th Floor West, Suite 400, New York, New York 10017, and admits the remaining allegations contained in paragraph 8.

9. The Promontory Defendants admit that Promontory Forensics Solutions, LLC, is a Delaware limited liability company that conducts business within the Southern District of New York and maintains an office at 280 Park Avenue, 40th Floor West, Suite 400, New York, New York 10017, and denies the remaining allegations contained in paragraph 9.

10. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore deny each and every allegation contained therein.

11. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore deny each and every allegation contained therein.

12. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore deny each and every allegation contained therein.

13. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore deny each and every allegation contained therein.

14. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 14, and therefore deny each and every allegation contained therein. The Promontory Defendants deny each and every allegation contained in the second sentence of paragraph 14. The fourth sentence of paragraph 14 is a description of the Complaint to which no response is required.

### VITALE AML CONSULTANTS, INC. AND AMLINC

15. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore deny each and every allegation contained therein.

16. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore deny each and every allegation contained therein.

17. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore deny each and every allegation contained therein.

18. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore deny each and every allegation contained therein.

19. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore deny each and every allegation contained therein.

20. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore deny each and every allegation contained therein.

21. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore deny each and every allegation contained therein.

22. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore deny each and every allegation contained therein.

**VITALE AML'S RELATIONSHIP WITH THE SAMAAN DEFENDANTS**

23. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore deny each and every allegation contained therein.

24. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore deny each and every allegation contained therein.

25. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore deny each and every allegation contained therein.

26. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore deny each and every allegation contained therein.

27. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore deny each and every allegation contained therein.

28. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore deny each and every allegation contained therein.

**VITALE AML'S RELATIONSHIP WITH THE ROSE DEFENDANTS**

29. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 29, and therefore deny each and every allegation contained therein. The Promontory Defendants deny each and every allegation contained in the fourth and fifth sentences of paragraph 29.

30. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and therefore deny each and every allegation contained therein.

**DEFENDANTS' MISAPPROPRIATION AND INFRINGEMENT OF AMLINC**

31. The Promontory Defendants admit that, at some point, they talked with Defendants Samaan and Rose about working on a project for American Express and are without information or knowledge sufficient to form a belief as to the truth of the remaining

allegations contained paragraph 31, and therefore deny each and every remaining allegation contained therein.

32.     The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32, and therefore deny each and every allegation contained therein.

33.     The Promontory Defendants admit that Promontory Financial was retained by American Express to work on an AML project that included transaction monitoring, that Promontory Financial advises financial institutions regarding compliance with anti-money laundering regulations, among other things, and that they engaged Defendant Rose and Samaan, and deny each and every remaining allegation contained in paragraph 33.

34.     The Promontory Defendants admit the allegations contained in the first sentence of paragraph 34 and deny each and every remaining allegation contained in the paragraph.

35.     The Promontory Defendants deny each and every allegation contained in paragraph 35.

36.     The Promontory Defendants deny each and every allegation contained in paragraph 36. The Promontory Defendants answer further that the letters referenced in paragraph 36 speak for themselves and are the best evidence of their contents, and that the averments in paragraph 36 are based on information improperly used or disclosed in violation of Federal Rule of Evidence 408.

## COUNT I --COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

37. The Promontory Defendants incorporate the foregoing paragraphs 1 through 36 by reference as if set forth fully herein.

38. The Promontory Defendants deny each and every allegation contained in paragraph 38.

39. The Promontory Defendants deny each and every allegation contained in paragraph 39.

40. The Promontory Defendants deny each and every allegation contained in paragraph 40.

## COUNT I1 -INDUCEMENT OF COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

41. The Promontory Defendants incorporate the foregoing paragraphs 1 through 40 by reference as if set forth fully herein.

42. The Promontory Defendants deny each and every allegation contained in paragraph 42.

43. The Promontory Defendants deny each and every allegation contained in paragraph 43.

## COUNT II - CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

44. The Promontory Defendants incorporate the foregoing paragraphs 1 through 43 by reference as if set forth fully herein.

45. The Promontory Defendants deny each and every allegation contained in paragraph 45.

46. The Promontory Defendants deny each and every allegation contained in paragraph 46.

### COUNT IV -VICARIOUS COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

47. The Promontory Defendants incorporate the foregoing paragraphs 1 through 46 by reference as if set forth fully herein.

48. The Promontory Defendants deny each and every allegation contained in paragraph 48.

49. The Promontory Defendants deny each and every allegation contained in paragraph 49.

### COUNT V -COMPUTER FRAUD AND ABUSE ACT
### (18 U.S.C. § 1030)

50. The Promontory Defendants incorporate the foregoing paragraphs 1 through 49 by reference as if set forth fully herein.

51. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and therefore deny each and every allegation contained therein.

52. The Promontory Defendants deny each and every allegation contained in paragraph 52.

53. The Promontory Defendants deny each and every allegation contained in paragraph 53.

54. The Promontory Defendants deny each and every allegation contained in paragraph 54.

55. The Promontory Defendants deny each and every allegation contained in paragraph 55.

### COUNT VI - MISAPPROPRIATION OF TRADE SECRETS
**(New York Common Law)**

56. The Promontory Defendants incorporate the foregoing paragraphs 1 through 55 by reference as if set forth fully herein.

57. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and therefore deny each and every allegation contained therein.

58. The Promontory Defendants deny each and every allegation contained in paragraph 58.

59. The Promontory Defendants deny each and every allegation contained in paragraph 59.

60. The Promontory Defendants deny each and every allegation contained in paragraph 60.

61. The Promontory Defendants deny each and every allegation contained in paragraph 61.

62. The Promontory Defendants deny each and every allegation contained in paragraph 62.

63. The Promontory Defendants deny each and every allegation contained in paragraph 63.

64. The Promontory Defendants deny each and every allegation contained in paragraph 64.

## COUNT VII - BREACH OF CONTRACT
### (New York Common Law)

65. The Promontory Defendants incorporate the foregoing paragraphs 1 through 64 by reference as if set forth fully herein.

66. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and therefore deny each and every allegation contained therein.

67. The Promontory Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and therefore deny each and every allegation contained therein.

68. The Promontory Defendants deny each and every allegation contained in paragraph 68.

69. The Promontory Defendants deny each and every allegation contained in paragraph 69.

## COUNT VIII - TORTIOUS INTERFERENCE
### (New York Common Law)

70. The Promontory Defendants incorporate the foregoing paragraphs 1 through 69 by reference as if set forth fully herein.

71. The Promontory Defendants deny each and every allegation contained in paragraph 71.

72. The Promontory Defendants deny each and every allegation contained in paragraph 72.

73. The Promontory Defendants deny each and every allegation contained in paragraph 73.

74. The Promontory Defendants deny each and every allegation contained in paragraph 74.

## COUNT IX - UNFAIR COMPETITION
### (New York Common Law)

75. The Promontory Defendants incorporate the foregoing paragraphs 1 through 74 by reference as if set forth fully herein.

76. The Promontory Defendants deny each and every allegation contained in paragraph 76.

77. The Promontory Defendants deny each and every allegation contained in paragraph 77.

## PRAYER FOR RELIEF

The Promontory Defendants deny that Plaintiff is entitled to any or all of the relief requested or to any other relief.

## NUMBERED DEFENSES

### First Numbered Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Numbered Defense

The doctrines of unclean hands, waiver and/or estoppel, bar, in whole or in part, Plaintiff's claims.

### Third Numbered Defense

The allegedly infringing work was independently created by Defendants.

### Fourth Numbered Defense

The allegedly infringed work lacks originality.

### Fifth Numbered Defense

The subject matter of the allegedly infringed work is not copyrightable.

### Sixth Numbered Defense

Any use by Defendants of the allegedly infringed work is de minimis.

### Seventh Numbered Defense

Defendants were licensed or authorized to use the allegedly infringed work.

### Eighth Numbered Defense

Plaintiff's claims are barred for misuse of copyright.

### Ninth Numbered Defense

There was no valid and enforceable contract between Plaintiff and the Samaan Defendants or the Rose Defendants.

### Tenth Numbered Defense

The Promontory Defendants lacked knowledge of any contract between Plaintiff and the Samaan Defendants or the Rose Defendants.

### Eleventh Numbered Defense

The statute of frauds renders Plaintiff's state law claims unenforceable.

### Twelfth Numbered Defense

The Promontory Defendants acted in good faith at all times.

### Thirteenth Numbered Defense

If any or all of the unlawful conduct of the Samaan and Rose Defendants took place as alleged, such conduct was not authorized or directed or controlled by the Promontory Defendants and was without their knowledge.

New York, New York

March 17, 2008

COVINGTON & BURLING LLP

By:   /s/ P. Benjamin Duke
     P. Benjamin Duke
     COVINGTON & BURLING LLP
     620 Eighth Avenue
     New York, NY 10036
     Telephone (212) 841-1000
     pbduke@cov.com

     Anthony Herman
     Joshua A. Doan
     COVINGTON & BURLING LLP
     1201 Pennsylvania Avenue, NW
     Washington DC 20004-2401
     Telephone (202) 662-6000
     aherman@cov.com
     jdoan@cov.com

*     Attorneys for Defendants*
*     Promontory Financial Group, LLC, and*
*     Promontory Forensics Solutions, LLC*