60676
Jay B. Itkowitz
Donald A. Harwood
ITKOWITZ & HARWOOD
305 Broadway
New York, New York 10007
Telephone (646) 822-1801
jitkowitz@itkowitz.com
dharwood@itkowitz.com

Attorneys for Defendants/Plaintiff-in-Counterclaim
RONALD ROSE and AML
CONSULTING SERVICES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VITALE AML CONSULTANTS, INC.,

                Plaintiff,

     v.

PROMONTORY FINANCIAL GROUP, LLC;
PROMONTORY FORENSIC SOLUTIONS, LLC;
HANI SAMAAN; PROMINENT SOLUTIONS,
INC.; RONALD ROSE; AML CONSULTING
SERVICES, INC.; and JOHN DOES (1-10),

                Defendants.
-----------------------------------------------------------------x

Index No. 08-CV-01315

## ANSWER AND COUNTERCLAIM

Defendants/Plaintiff-in-Counterclaim, RONALD ROSE ("Rose") and AML CONSULTING SERVICES, INC. ("AML" and/or "AML Plaintiff-in-Counterclaim") (collectively the "Rose Defendants"), by their attorneys, Itkowitz & Harwood, answering the Complaint of Plaintiff, VITALE AML CONSULTANTS, INC. ("Plaintiff" or "Vitale AML"), respectfully allege upon information and belief as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 7, 8, 9, 10, 11, 14, 16, 17, 22, 23, 24, 25, 26, 32, 66, and 67 of the complaint.

2. Deny the allegations of paragraphs 1, 2, 3, 15, 18, 19, 20, 21, 27, 28, 34, 35, 36, 38, 39, 40, 42, 43, 45, 46, 48, 49, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 68, 69, 71, 72, 73, 74, 76, and 77 of the complaint.

3. Admit the allegations of paragraphs 12 and 13 of the complaint.

4. Paragraphs 4 and 6 of the complaint assert legal conclusions for which no response is necessary.

5. Paragraphs 37, 41, 44, 47, 50, 56, 65, 70, and 75 merely repeat and re-allege prior allegations in the complaint for which the Rose Defendants similarly repeat and re-allege their prior responses thereto.

6. Answering Paragraph 5, admits personal jurisdiction exists over the Rose Defendants, but otherwise denies knowledge or information sufficient to form a belief as to the first four sentences of the paragraph, and denies the last two sentences.

7. Answering Paragraph 29, admits the first sentence of the paragraph although states that the Rose Defendants' responsibilities and/or scope of work was broader than as described; and answers further that the allegation that the Rose Defendants were engaged as independent contractors is a legal conclusion for which no response is necessary; denies the second sentence; admits the third sentence; and, denies the fourth and fifth sentences.

8. Answering Paragraph 30, denies knowledge or information sufficient to form a belief as to the first sentence of the paragraph; denies the second sentence; admits the third sentence; and, denies the fourth and fifth sentences.

9. Answering Paragraph 31, denies knowledge or information sufficient to form a belief as to the first and second sentences of the paragraph, and denies the third sentence.

10. Answering Paragraph 33, denies the first sentence of the paragraph; denies knowledge or information sufficient to form a belief as to the second and third sentences; and, denies the fourth and fifth sentences.

11. Answering Paragraph 34, denies knowledge or information sufficient to form a belief as to the first sentence of the paragraph, and denies the second and third sentences.

### AS FOR THE ROSE DEFENDANTS' AFFIRMATIVE DEFENSES:

#### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim for which relief can be granted as to each of the Rose Defendants.

#### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff does not have a valid copyright and thus cannot prevail in this proceeding.

#### THIRD AFFIRMATIVE DEFENSE

3. The allegedly infringing work was independently created by Defendants.

#### FOURTH AFFIRMATIVE DEFENSE

4. The allegedly infringing work lacks originality.

#### FIFTH AFFIRMATIVE DEFENSE

5. The subject matter of the allegedly infringing work is not copyrightable.

#### SIXTH AFFIRMATIVE DEFENSE

6. Any use by Defendants of the allegedly infringing work is *de minimus*.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Rose Defendants were licensed or authorized to use the allegedly infringed work.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred for misuse of the alleged copyright.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are precluded under the doctrine(s) of waiver, unclean hands and estoppel.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's state law claims are precluded under the doctrine of statute of frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The various "agreements" alleged by Plaintiff are nowhere sufficiently described in the complaint, and thus, the respective and corresponding claims must be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

12. There was no valid and enforceable contract between Plaintiff and the Rose Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The Rose Defendants acted in good faith at all times

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As to Defendant Ronald Rose, Rose's acts were as a corporate officer, agent, representative, and/or employee, for a fully disclosed principal, Defendant AML

CONSULTING SERVICES, INC., and as such, there can be no liability for any and all of his acts which were taken on behalf of AML CONSULTING SERVICES, INC.

### AS AND FOR A COUNTERCLAIM OF AML CONSULTING SERVICES, INC.

1. Plaintiff-in-Counterclaim, AML Consulting Services, Inc. ("AML"), is a New York corporation with its principal place of business located at 573 Lincoln Boulevard, Long Beach, New York 11561.

2. Defendant-in-Counterclaim, Vitale AML CONSULTANTS, INC. ("Vitale AML"), is a New York corporation with its principal place of business located at 1120 Avenue of the Americas, 4th Floor, New York, New York 10036.

3. This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Vitale AML.

5. On or about November, 2004, Vitale AML hired AML as a consultant in connection with its anti-money laundering solutions to the financial services industry, including transaction monitoring projects for various financial institutions, beginning with the Union Bank of California ("UBOC").

6. As a part of the parties' agreement, Vitale AML requested that AML refer, provide and place experienced investigators in the anti-laundering field to provide services to Vitale AML's various clients, beginning with UBOC.

7. Vitale AML and AML agreed that for each investigator referred, provided and/or placed, the financial institution client, such as UBOC, would be billed $125.00 per hour for each investigator's services, of which sum per hour $100.00 per hour would be paid as

compensation to the investigator for his/her services; $20.00 per hour would be paid to Vitale AML; and $5.00 per hour would be paid to AML.

8. AML thereafter referred, provided and placed investigators for Vitale AML, who provided services to Vitale AML's clients, beginning with UBOC, and Vitale AML thereafter paid AML its share of compensation for each investigator placed through and including December, 2006, in accordance with the parties' agreement.

9. Beginning in January, 2007, however, and continuing through present, Vitale AML breached the parties' agreement by refusing to pay AML its share of compensation for the hourly services of the investigators referred, provided and placed by AML to service Vitale AML's clients.

10. Due demand for payment was made by AML, including in April, 2007, at which time Vitale AML's principal, Anne Vitale, claimed that she was unilaterally canceling the parties' contract on Vitale AML's behalf; Vitale also refused to pay AML for the hourly services of investigators placed by it for the period of January, 2007, through April, 2007.

11. AML has duly performed all of its contractual obligations to Vitale AML.

12. Upon information and belief, Vitale AML has inexcusably and unjustifiably breached its obligations to AML by refusing to pay AML its agreed upon hourly share for the services of investigators referred, provided and placed by AML with Vitale AML to service Vitale AML's financial institution clients.

13. As a result of Vitale AML's breach, AML has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Rose Defendants and/or Plaintiff-in Counterclaim AML demand judgment, as follows:

1. Dismissing the complaint in its entirety; and

2. On AML's Counterclaim, that the Court order Vitale AML to account for all gains, profits, and advantages derived from AML's referral and/or placement of investigators for Vitale AML, which were used to service Vitale AML's clients and, upon information and belief, continue to be so used, for which Vitale AML has not paid AML in breach of the parties' agreement;

3. On AML's Counterclaim, an award of money damages in a sum to be determined at trial;

4. On AML's Counterclaim, an award of restitution, unjust enrichment, and compensatory damages in a sum to be determined at trial; and,

5. Granting such other and further relief as the Court deems just and proper.


Dated: New York, New York
       March 17, 2008

                                        ITKOWITZ & HARWOOD

                                   By:  _____
                                        Jay B. Itkowitz (JBI-5349)
                                        305 Broadway, 7th Floor
                                        New York, New York 10007
                                        (646) 822-1801
                                        Attorneys for Rose Defendants and
                                        Plaintiff-in-Counterclaim AML Consulting
                                        Services, Inc.

To:    O'MELVENY & MEYERS LLP
Attorneys for Plaintiff
Dale M. Cendali
Claudia Ray
7 Times Square
New York, New York 10036
(212) 326-2000


COVINGTON & BURLING LLP
Attorneys for Defendants
Promontory Financial Group LLC, and
Promontory Forensics Solutions LLC
P. Benjamin Duke
620 Eighth Avenue
New York, NY 10036
(212) 841-1000
Anthony Herman
Joshua A. Doan
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington DC 20004-2401
(202) 662-6000