60676 00023745
Jay B. Itkowitz
Donald A. Harwood
ITKOWITZ & HARWOOD
305 Broadway
New York, New York 10007
Telephone (646) 822-1801
jitkowitz@itkowitz.com
dharwood@itkowitz.com

Attorneys for Defendant/Plaintiffs-in-Counterclaim
HANI SAMAAN and
PROMINENT IT SOLUTIONS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VITALE AML CONSULTANTS, INC.,

        Plaintiff,

   v.

PROMONTORY FINANCIAL GROUP, LLC;
PROMONTORY FORENSIC SOLUTIONS, LLC;
HANI SAMAAN; PROMINENT SOLUTIONS,
INC.; RONALD ROSE; AML CONSULTING
SERVICES, INC.; and JOHN DOES (1-10),

        Defendants.
-----------------------------------------------------------------x

Index No. 08-CV-01315

## ANSWER AND COUNTERCLAIM

Defendants/Plaintiffs-in-Counterclaim, HANI SAMAAN ("Samaan") and PROMINENT IT SOLUTIONS, INC. ("Prominent IT") (collectively the "Samaan Defendants" and/or the "Plaintiffs-in-Counterclaim"), by their attorneys, Itkowitz & Harwood, answering the Complaint of Plaintiff, VITALE AML CONSULTANTS, INC. ("Plaintiff"), respectfully allege upon information and belief as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 7, 8, 9, 12, 13, 14, 16, 17, 22, and 30 of the complaint.

2. Deny the allegations of paragraphs 1, 2, 3, 15, 18, 19, 20, 21, 25, 27, 28, 35, 36, 38, 39, 40, 42, 43, 45, 46, 48, 49, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 71, 72, 73, 74, 76, and 77 of the complaint.

3. Admit the allegations of paragraphs 10 and 11.

4. Paragraphs 4 and 6 of the complaint assert legal conclusions for which no response is necessary.

5. Paragraphs 37, 41, 44, 47, 50, 56, 65, 70, and 75 merely repeat and re-allege prior allegations in the complaint for which the Samaan Defendants similarly repeat and re-allege their prior responses thereto.

6. Answering Paragraph 5, admits personal jurisdiction exists over the Samaan Defendants, but otherwise denies knowledge or information sufficient to form a belief as to the first four sentences of the paragraph, and denies the last two sentences.

7. Answering Paragraph 23, denies knowledge or information sufficient to form a belief as to the allegations of the first sentence of the paragraph, and, denies the second sentence.

8. Answering Paragraph 24, responds that the allegation that the Samaan Defendants were engaged as independent contractors is a legal conclusion for which no response is necessary, but admits the remaining allegations of the paragraph.

9. Answering Paragraph 26, admits that Samaan signed an agreement purportedly transferring certain purported rights to Iridium Corporation and Mr. Paulantonio, and in further answering, states that such agreement was executed in conjunction with a promise by Iridium and Paulantonio to joint venture the creation of an AMLINC program to be marketed to the financial community.

10. Answering Paragraph 29, denies knowledge or information sufficient to form a belief as to the first, second, third and fourth sentences of the paragraph; denies the fifth sentence.

11. Answering Paragraph 31, denies the first sentence of the paragraph except admits the Samaan Defendants were working on a Vitale AML project for Bangkok Bank PLLC; and denies the second and third sentences of the paragraph.

12. Answering Paragraph 32, denies knowledge or information sufficient to form a belief as to the date referenced in the first sentence of the paragraph but otherwise admits the allegations in the first sentence; admits the allegations in the second sentence of the paragraph except denies the allegation that Samaan "terminated his relationship" with Vitale AML; admits the allegations in the third sentence of the paragraph, except denies the allegation that he did not return the laptop's external CD drive, and denies knowledge or information sufficient to form a belief as to the allegation that Samaan did not return the SQL server disk since it might have been inside the items he returned; denies the allegations in the fourth sentence, and in further answering this sentence states that Samaan personally gave Anne Vitale the data on a USB data memory stick, and also gave passwords to Vitale AML and /or its employees, representatives, and/or agents, including a Mary Kate Locantore, which were given to Vitale AML's consulting firm(s).

13. Answering Paragraph 33, denies knowledge or information sufficient to form a belief as to the first and second sentences; denies the third sentence; denies knowledge or information sufficient to form a belief as to the fourth sentence; and denies the fifth sentence.

14. Answering Paragraph 34, denies knowledge or information sufficient to form a belief as to the first sentence of the paragraph, and denies the second and third sentences.

## AS FOR THE SAMAAN DEFENDANTS' AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim for which relief can be granted as to each of the Samaan Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff does not have a valid copyright and thus cannot prevail in this proceeding.

### THIRD AFFIRMATIVE DEFENSE

3. The allegedly infringing work was independently created by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

4. The allegedly infringing work lacks originality.

### FIFTH AFFIRMATIVE DEFENSE

5. The subject matter of the allegedly infringing work is not copyrightable.

### SIXTH AFFIRMATIVE DEFENSE

6. Any use by Defendants of the allegedly infringing work is *de minimus*.

### SEVENTH AFFIRMATIVE DEFENSE

7. The Samaan Defendants were licensed or authorized to use the allegedly infringed work.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred for misuse of the alleged copyright.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are precluded under the doctrine(s) of waiver, unclean hands and estoppel.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's state law claims are precluded under the doctrine of statute of frauds.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The various "agreements" alleged by Plaintiffs are nowhere sufficiently described in the complaint, and thus, the respective and corresponding claims must be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

12. The Samaan Defendants acted in good faith at all times

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As to Defendant Hani Samaan, Samaan's acts were as a corporate officer, agent, representative, and/or employee, for a fully disclosed principal, Defendant Prominent IT, and as such, there can be no liability for any and all of his acts which were taken on behalf of Prominent IT.

## AS AND FOR A COUNTERCLAIM OF HANI SAMAAN AND PROMINENT IT

### Parties

14. Plaintiff-in-Counterclaim, Prominent IT Solutions, Inc. ("Prominent IT"), is a New Jersey corporation with its principal place of business located at 730 Newark Avenue, Apt. 7G, Jersey City, New Jersey 07306.

15. Plaintiff-in-Counterclaim, Hani Samaan, a sole shareholder and officer of Prominent IT, is an individual residing at 730 Newark Avenue, Apt. 7G, Jersey City, New Jersey 07306.

16. Defendant-in-Counterclaim, Vitale AML CONSULTANTS, INC. ("Vitale AML"), is a New York corporation with its principal place of business located at 1120 Avenue of the Americas, 4th Floor, New York, New York 10036.

## Jurisdiction

17. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over Vitale AML.

## General Allegations

19. Beginning in mid-December 2004, Vitale AML hired Samaan as a consultant for the development and authorship of computer source code(s) and systems, including the Microsoft access-based computer program known as AMLINC, in connection with anti-money laundering solutions to the financial services industry, comprised of transaction monitoring projects for various financial institutions beginning with the United Bank of California International ("UBOCI").

20. Subsequently, and in consideration of Samaan's valuable services in the development and authorship of computer source code(s) and systems, including the program known as AMLINC, Anne Vitale of Vitale AML, Thomas Paulantonio of Iridium Corporation, and Samaan of Prominent IT, entered into a joint venture agreement on or about September, 2005, to market AMLINC to the financial community. Under the joint venture agreement, Vitale, Paulantonio, and Samaan, and/or their respective companies, agreed to divide on a one-

third, one-third, one-third, equal basis, all of the income, gains, profits and advantages which were derived from Samaan's technical expertise and his authorship of any computer source codes and systems, including, but not limited to, the AMLINC program, while Vitale and Paulantonio would be responsible for the development and management of the business affairs of the joint enterprise.

21. Pursuant to Ms. Vitale's and Mr. Paulantonio's statement that she intended to engage in a joint venture with Samaan, as embodied in the joint venture agreement, and in consideration of the agreed upon one-third payment of income, gains, profits, and advantages which Samaan was to receive under the joint venture agreement, Samaan executed an agreement purporting to transfer certain purported rights to Iridium Corporation and Mr. Paulantonio, who likewise and, in turn, also signed an agreement transferring all such rights to Vitale AML.

22. Mr. Vitale's statement that she intended to engage in a joint venture with Samaan, as embodied in the joint venture agreement, was material to Samaan's decision to purportedly transfer certain purported rights to Iridium Corporation and Mr. Paulantonio.

23. Pursuant to the joint venture agreement, and in justifiable reliance on Ms. Vitale's statement that she intended to engage in a joint venture with Samaan, as embodied in the joint venture agreement, Samaan thereafter worked countless hours authoring and developing computer source code(s) and systems, including the software code known as AMLINC, for Vitale AML and its financial institution clients, in consideration of which Samaan was at first paid his one-third share of income, gains, profits and advantages.

24. However, upon information and belief, Vitale AML thereafter breached the parties' agreement, beginning in 2006 and continuing through April, 2007, refusing to pay Samaan, and/or provide an accounting, for his one-third share of all income, gains, profits, and

advantages from the computer programs authored and developed by Samaan, including the AMLINC program, which was and is being marketed to the financial community.

25. Due demand for payment and an accounting was made by Samaan and Prominent IT, including in April, 2007, but such demand for payment and an accounting was refused by Vitale AML's principal, Anne Vitale.

### COUNT I (Breach of Contract)

26. Plaintiffs-in-Counterclaim repeat and incorporate by reference the allegations contained in paragraphs 19 through 25, as if set forth fully herein.

27. The joint venture agreement that Ms. Vitale of Vitale AML, Mr. Paulantonio of Iridium Corporation, and Mr. Samaan of Prominent IT, entered into in or about September, 2005, is a valid and binding contract.

28. Plaintiffs-in-Counterclaim have duly performed all of their contractual obligations to Vitale AML.

29. Vitale AML's ongoing refusal to pay Plaintiffs-in-Counterclaim the agreed upon one-third share of all income, gains, profits, and advantages from the computer programs authored and developed by Mr. Samaan, including the AMLINC program, constitutes a material breach of the joint venture agreement.

30. As a result of Vitale AML's breach, Plaintiffs-in-Counterclaim have been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Samaan Defendants and/or Plaintiffs-in-Counterclaim demand judgment, as follows:

1. Dismissing the complaint in its entirety; and

2. On the Counterclaim, that the Court order Vitale AML to account to Samaan and Prominent IT for all income, gains, profits, and advantages from the computer programs authored and developed by Samaan, including the AMLINC programs and AMLINC 3.0, which were marketed and, upon information and belief, are presently being marketed by Vitale AML, to the financial community for which Vitale AML has not paid the Plaintiffs-in-Counterclaim their one-third share of all income, gains, profits, and advantages in breach of the parties' joint venture agreement;

3. On the Counterclaim, an award of money damages to Samaan and Prominent IT in a sum to be determined at trial;

4. On the Counterclaim, an award of restitution, unjust enrichment, and compensatory damages to Samaan and Prominent IT in a sum to be determined at trial; and,

5. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 17, 2008

                                            ITKOWITZ & HARWOOD

                                    By:     _____
                                            Jay B. Itkowitz (JBI-5349)
                                            305 Broadway, 7th Floor
                                            New York, New York 10007
                                            (646) 822-1801
                                            Attorneys for Samaan Defendants and
                                            Plaintiffs-in-Counterclaim

To:   O'MELVENY & MEYERS LLP
      Attorneys for Plaintiff
      Dale M. Cendali
      Claudia Ray
      7 Times Square
      New York, New York 10036
      (212) 326-2000

COVINGTON & BURLING LLP
Attorneys for Defendants
Promontory Financial Group LLC, and
Promontory Forensics Solutions LLC
P. Benjamin Duke
620 Eighth Avenue
New York, NY 10036
(212) 841-1000
Anthony Herman
Joshua A. Doan
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington DC 20004-2401
(202) 662-6000