Dale M. Cendali
Claudia Ray
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone (212) 326-2000
dcendali@omm.com
cray@omm.com

Attorneys for Plaintiff
VITALE AML CONSULTANTS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| VITALE AML CONSULTANTS, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> PROMONTORY FINANCIAL GROUP, LLC; : <br> PROMONTORY FORENSIC SOLUTIONS, LLC; : <br> HANI SAMAAN; PROMINENT IT SOLUTIONS, : <br> INC.; RONALD ROSE; AML CONSULTING : <br> SERVICES, INC.; and JOHN DOES (1-10), : <br> : <br> Defendants. : <br> : | Index No. 08-CV-1315 (RMB) <br><br> **ANSWER TO** <br> **COUNTERCLAIMS OF** <br> **SAMAAN DEFENDANTS** |

-------------------------------------------------------------X

Plaintiff/Defendant-in-Counterclaim, Vitale AML Consultants, Inc. ("Vitale AML"), by its attorneys, O'Melveny & Myers LLP, in answer to the Counterclaim of Hani Samaan and Prominent IT Solutions, Inc. (collectively, the "Samaan Defendants"), alleges as follows:

1. Deny knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

2. Deny knowledge or information sufficient to admit or deny the allegations

contained in paragraph 15.

3. Admit the allegations set forth in paragraph 16.

4. Paragraph 17 is a statement of jurisdiction to which no answer is required.

5. Admit the allegations set forth in paragraph 18.

6. Deny the allegations set forth in paragraph 19, except admit that Anne T. Vitale, Esq. hired Mr. Samaan in 2004 through an outsourcing firm to write code as a work for hire for the case management system created by Mr. Thomas Paulantonio, Iridium Corporation, and Vitale AML.

7. Deny the allegations set forth in paragraph 20, except admit that Mr. Samaan began work in 2005 as an independent contractor for Iridium Corporation and later continued that work as an independent contractor for Vitale AML.

8. Deny the allegations set forth in paragraph 21, except admit that the Samaan Defendants executed an agreement that transferred any and all rights in AMLINC to Iridium, which in turn transferred all such rights to Vitale AML.

9. Deny the allegations set forth in paragraph 22.

10. Deny the allegations set forth in paragraph 23, except admit that Mr. Samaan was paid either (i) an hourly rate for time he spent programming code and supporting case management systems for clients or (ii) 30% of net profits earned from the licensing fees paid by clients for a license for a case management system, after deducting all expenses and overhead, or both, based on an oral agreement with Anne Vitale.

11. Deny the allegations set forth in paragraph 24.

12. Deny the allegations set forth in paragraph 25, except admit that Vitale AML received a demand from Samaan for payment for hourly work that he performed at

Bangkok Bank, which Vitale AML did not pay until Samaan provided a sufficient accounting for the work performed on the project, which he did after repeated demands by Bangkok Bank and Vitale AML, and further admit that Samaan requested payment for work performed for Union Bank of California, which request was denied because that project did not generate any net profits..

13. With respect to paragraph 26, repeat each and every response contained in paragraphs 1 through 12 above as if fully set forth herein.

14. State that Paragraph 27 is a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations set forth in paragraph 27.

15. State that Paragraph 28 is a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations set forth in paragraph 28.

16. State that Paragraph 29 is a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations set forth in paragraph 29.

17. State that Paragraph 30 is a legal conclusion to which no response is required, but to the extent a response is required, deny the allegations set forth in paragraph 30.

18. Deny that the Samaan Defendants and/or Plaintiffs-in-Counterclaim are entitled to any or all of the relief requested or to any other relief.

### AFFIRMATIVE DEFENSES

19. The Samaan Defendants' counterclaim fails to state a claim upon which relief may be granted.

20. The Samaan Defendants' counterclaim is barred by the statute of frauds.

21. The Samaan Defendants' counterclaim is barred by the doctrine of laches.

22. The Samaan Defendants' counterclaim is barred by the doctrine of waiver.

23. The Samaan Defendants' counterclaim is barred by the doctrine of estoppel.

24. The Samaan Defendants' counterclaim is barred by the doctrine of acquiescence.

25. The Samaan Defendants' counterclaim is barred by the doctrine of unclean hands.

26. There was no valid and enforceable joint venture contract between Vitale AML and the Samaan Defendants.

Dated: New York, New York
      April 7, 2008

O'MELVENY & MYERS LLP

By: _____
Dale M. Cendali
Claudia Ray
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
dcendali@omm.com
cray@omm.com

Attorneys for Plaintiff
VITALE AML CONSULTANTS, INC.

4

CERTIFICATE OF SERVICE

I hereby certify that on this, the 7th day of April, 2008, I sent a copy of the foregoing Answer of Counterclaims by Samaan Defendants by Vitale AML Consultants, Inc. by electronic mail to:

Jay B. Itkowitz, Esq.
ITKOWITZ & HARWOOD
305 Broadway
New York, NY 10007
jitkowitz@itkowitz.com

P. Benjamin Duke
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
pbduke@cov.com

Anthony Herman
Joshua A. Doan
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
aherman@cov.com
jdoan@cov.com

_____
Rhett O. Millsaps II