UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-12-08

------------------------------------------------------------X

VITALE AML CONSULTANTS, INC.,

      Plaintiff,

v.

PROMONTORY FINANCIAL GROUP, LLC;
PROMONTORY FORENSIC SOLUTIONS, LLC;
HANI SAMAAN; PROMINENT IT SOLUTIONS,
INC.; RONALD ROSE; AML CONSULTING
SERVICES, INC.; and JOHN DOES (1-10),

      Defendants.

------------------------------------------------------------X

No. 08-CV-1315 (RMB)

## PROPOSED STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain discovered information as hereinafter provided.

IT IS HEREBY ORDERED THAT:

1.  Designation of Confidentiality.

  (a)  All information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts or summaries of the foregoing, produced by Vitale AML Consultants, Inc., Promontory Financial Group, LLC, Promontory Forensic Solutions, LLC, Hani Samaan, Prominent IT Solutions, Inc., Ronald Rose, AML Consulting Services, Inc. (collectively, the "Parties"), or a non-party to this action who produces documents in accordance with Paragraph 16 of this Order (together with the Parties, the

"Producing Parties") in conjunction with this litigation that contain or are derived from trade secrets or other proprietary and/or confidential research, development, or competitively sensitive commercial information, including documents or information reflecting, containing or derived from confidential pricing, production cost, product formulation, business plans, or marketing, client, or customer information, within the meaning of Rule 26(c)(1) ("Confidential Information") may be designated "CONFIDENTIAL" by the Producing Party.

(b) Confidential Information that is particularly sensitive, private, or competitively valuable may be further designated as "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" ("Highly Confidential Information"). All testimony, documents, records, or tangible things designated as Highly Confidential Information are included within the meaning of "Confidential Information" as used in this Order, and all provisions of this Order that apply to Confidential Information also shall apply to Highly Confidential Information, except as to the heightened protections for Highly Confidential Information, as set forth herein.

(c) The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" shall constitute a representation that such documents, material or information has been reviewed and that the Producing Party has a good faith basis for the designation.

(d) A person receiving Confidential Information shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials produced by a

Producing Party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing.

2. <u>Means Of Designating Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only"</u>. Documents or information may be designated as Confidential Information within the meaning of this Order in the following ways:

(a) <u>Documents</u>. Counsel for the Producing Party will place a legend on each page of any such Confidential Information designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only", as applicable.

(b) <u>Interrogatory answers and responses to requests for admissions</u>. Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only", as applicable. In addition, counsel for the Producing Party will place the applicable "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" legend on the front page of any set of interrogatory answers or responses to requests for admission containing Confidential Information, together with a legend stating, "Designated parts not to be used, copied or disclosed except as authorized by Court Order."

(c) <u>Depositions</u>. Counsel for the Producing Party or the witness producing such information may designate portions of the transcript (including exhibits) as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" information by either identifying such portions on the recording or serving on the opposing Party a letter making that identification within 30 days of receipt of the deposition transcript or a copy thereof, or written notification that the transcript is available. The entire deposition transcript,

including exhibits, shall be treated as CONFIDENTIAL under this Order (with the exception of any portions designated during the deposition as "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only") until the expiration of the 30-day period for designation by letter, except that the deponent may review the transcript during this 30-day period. At the expiration of the 30-day period, any designations made on the record or by letter shall control, subject to a party's right to contest them as provided in Paragraph 8. In addition, the applicable "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information, together with a legend stating, "Designated parts not to be used, copied or disclosed except as authorized by Court Order." The applicable "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" legend shall also be placed on each page of the transcript that contains such Confidential Information. If all or part of a videotaped deposition is designated as Confidential Information, the videocassette, other videotape container, or DVD shall be labeled with the applicable legend(s).

(d)   Electronic Data: "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). Counsel for the Producing Party will designate Electronic Data as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" in a cover letter identifying the information generally. When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation. Whenever any Party to whom Electronic Data designated as Confidential Information is produced reduces such material to

hardcopy form, such Party shall mark such hardcopy form with the legends provided for in Paragraph 2(a) above. Whenever any "CONFIDENTIAL" Electronic Data is copied into another file, all such copies shall also be marked "CONFIDENTIAL". No copies of "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" Electronic Data shall be made by any person other than the Producing Party; provided, however, that a party may make copies of (i) .tiff or other image files produced in this litigation of data that a Producing Party maintains as Electronic Data in the ordinary course of business, for distribution as provided by the terms of this Order, and (ii) Electronic Data produced as Electronic Data for distribution to persons listed in Paragraphs 4(a), 4(c), or 4(g), except for Electronic Data described in paragraph 5(b), which shall be governed by the provisions in that paragraph.

    (e)  To the extent that any Party or counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain Confidential Information, that Party and its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information. No copies of "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" Electronic Data shall be made by any person other than the Producing Party.; provided, however, that a party may make copies of (i) .tiff or other image files produced in this litigation of data that a Producing Party maintains as Electronic Data in the ordinary course of business, for distribution as provided by the terms of this Order, and (ii) Electronic Data produced as Electronic Data for distribution to persons listed in Paragraphs 4(a), 4(c), or 4(g), except for Electronic Data described in paragraph 5(b), which shall be governed by the provisions in that paragraph.

(f) <u>Materials Containing Confidential Information Filed with the Court</u>. Any materials containing Confidential Information filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION: Outside Attorneys Custody Only" (as applicable) and "SUBJECT TO COURT ORDER" and words in substantially the following form:

> This envelope [or container] contains documents that are filed under seal in this case by [name of Party] and, by Order of this Court dated _____, 2008, shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" shall be considered Confidential Information and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be opened by the presiding Judge, the presiding Judge's law clerks, and other Court personnel without further order of the Court.

Each document filed under seal may be returned to the Party which filed it (1) if no appeal is taken, within sixty days after a final judgment is rendered, or (2) if an appeal is taken,

6

within sixty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the Party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document or return the document to counsel for the Producing Party upon request within two years after termination of the litigation, or take any other action with respect to the document it deems appropriate.

Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

3.   Use of Confidential Information. Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending, or settling this litigation. In no event shall Confidential Information be used for any business, competitive, personal, private, public or other purpose, except as required by law.

4.   Disclosure of Confidential Information Designated as "CONFIDENTIAL". Access to Confidential Information designated "CONFIDENTIAL" pursuant to this Order shall be limited to:

(a)   Outside law firms appearing as counsel of record for the Parties, as well as their respective paralegal, investigative, technical, secretarial and clerical personnel, and any outside photocopying, document storage, data processing or graphic production services employed or retained by them, who are engaged in assisting them in this litigation; *provided that* counsel and other persons described in this paragraph who have a business interest in any of the Parties are excluded from this paragraph;

7

(b) Any attorney employed by any of the Parties, including internal counsel, as well as their respective paralegal, investigative, technical, secretarial and clerical personnel, and any outside photocopying, document storage, data processing or graphic production services employed or retained by them, who are engaged in assisting them in this litigation;

(c) Any outside expert, consultant or investigator retained by counsel for the Parties for purposes of consulting or testifying in this litigation, and who 1) is not a current employee or contractor of a Party for purposes unrelated to this litigation; 2) is not employed in the business of providing or procuring DVD replication services by a competitor of a Party; and 3) at the time of retention, is not anticipated to become an employee or contractor of a Party or employed in the business of providing or procuring DVD replication services by a competitor of a Party; provided that Paragraph 7 of this Protective Order has been complied with;

(d) A Party, or any director, officer, employee, or contractor of a Party, provided that Paragraph 7 of this Protective Order has been complied with;

(e) Witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 10) trial testimony; provided that Paragraph 2(c) and Paragraph 7 of this Protective Order are complied with;

(f) Any current employee of the Producing Party and any other person (including former employees of the Producing Party) who authored, received or otherwise has been provided access to (by the Producing Party, in the ordinary course, outside this action) the Confidential Information sought to be disclosed to that person.

(g) This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

8

(h) Any employee or officer of a non-party to this action designated as a deponent pursuant to Federal Rule of Civil Procedure 30(b)(6) by that non-party, if an employee or officer of such non-party was the author or named recipient of, or otherwise received in the ordinary course, other than in connection with this action, the Confidential Information sought to be disclosed to that person; provided that Paragraph 2(c) and Paragraph 7 of this Protective Order are complied with;

(i) Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 7 of this Protective Order has been complied with, and any other person whom the Court directs should have access to the Confidential Information.

5. <u>Disclosure of Confidential Information Designated As "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only"</u>.

(a) Confidential Information designated "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" must remain at all times in the physical custody and control of attorneys or paralegals described in Paragraph 4(a) or persons described in Paragraphs 4(c) or 4(g). Access to information designated "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" pursuant to this Order shall be limited to persons described in Paragraphs 4(a), 4(b), 4(c), 4(d), 4(e), 4(f), 4(g), 4(h), and 4(i), but shall not be given, shown, made available, communicated, or otherwise disclosed to any other person; *provided* that persons described in Paragraphs 4(b), 4(d), 4(e), 4(f), 4(h), and 4(i) may be given access to information designated "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" only in the presence of an attorney or paralegal described in Paragraph 4(a), who shall at all times retain custody or control of such materials; (ii) any person other than attorneys and paralegals described in paragraph 4(a),

including outside data processing and other vendors described in paragraph 4(a), shall be given access to information designated "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" only after complying with paragraph 7 of this Order; and (iii) no persons described in Paragraphs 4(b), 4(d), 4(e), 4(f), 4(h), and 4(i) are allowed to reproduce or retain possession of information so designated.

(b) <u>Review of RTL, HDL, Executable, or Source Code.</u> Access to machine-readable versions of RTL or HDL code, executable code, source code, or similarly sensitive code shall be provided only to those designated under the highest level of confidentiality, and only on computers connected to (1) no network or (2) a network (with or without Internet access) secured by passwords and a firewall. The Producing Party shall produce five (5) copies of such material as follows: two (2) copies on removable storage devices and three (3) separate DVDs, all marked "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only". The Receiving Party shall maintain no more than five (5) copies of such material at any given time on no more than five (5) computers maintained by persons described in paragraphs 4(a) or 4(c), and the DVDs containing such material shall be secured in a locked room or cabinet by attorneys described in paragraph 4(a) or individuals described in paragraph 4(c) when not in use for installation on a computer as allowed under the terms of this Order. In no event shall the DVDs be copied onto any media other than the computers described in this paragraph. In addition to complying with paragraph 7 of this Order, outside counsel for the Receiving Parties shall maintain a record of individuals given access to such code that indicates (1) when and (2) to what extent each individual was given access to the Producing Party's code.

6. <u>Non-Application of Order</u>. The restrictions set forth above shall not apply to Confidential Information which (1) was, is, or becomes public knowledge, unless in violation of this Order, or (2) was or is discovered independently by the receiving Party.

7. <u>Notification of Confidentiality Order</u>.

(a) Confidential Information shall not be disclosed to persons described in Paragraphs 4(c), 4(d), 4(e), 4(f), 4(h), or 4(i), unless and until such persons are provided a copy of this Protective Order, represent that they have read and understand the provisions of this Order, are advised by the disclosing counsel that they are bound by the provisions of this Protective Order and execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A.

(b) The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

8. <u>Objections to Designations</u>. A Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party objects to the designation of any material under this Order by a Producing Party, the objecting Party first shall consult with that Producing Party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting Party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the Producing Party. If such a motion is made, the Producing Party will

have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" shall be treated as such until the Court rules that they should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

10. <u>Use of Confidential Information at Trial or Hearing</u>. The restrictions, if any, that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the Parties, in consultation with the Court if necessary.

11. <u>Preservation of Rights and Privileges</u>. Nothing contained in this Order shall affect the right of any Producing Party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request. This Order shall not be construed as a waiver by any Producing Party of any legally cognizable privilege to withhold any Confidential Information, or of any right that any Producing Party may have to assert such privilege at any stage of this litigation.

12. <u>Return of Materials</u>. Within sixty (60) days after the final resolution of this litigation, all Confidential Information, including all copies, abstracts and summaries, shall be returned to counsel for the Producing Party, with the Party that had received the Confidential Information certifying to the return.

13. <u>Inadvertent Disclosure</u>. The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the

Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Producing Party shall within thirty (30) days designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only". The obligation to treat such Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only" shall run prospectively from the date of designation. Nothing contained within this Paragraph prevents a Party from challenging such a designation of documents or information pursuant to the procedures contained in Paragraph 8.

14. <u>Waiver of Privilege</u>.

(a) The inadvertent production or disclosure of any document, material, or information subject to the attorney-client privilege, attorney work product protections, or any other applicable privilege against disclosure, shall not be deemed a waiver, in whole or in part, of the Producing Party's claim of such privilege, unless the Producing Party failed to exercise reasonable care in light of the facts and circumstances surrounding the inadvertent production.

(b) Upon the written request of the Producing Party that made the inadvertent production, all copies of the inadvertently produced documents and documents derived therefrom shall be promptly returned or destroyed. However, if the Party receiving the inadvertently produced documents intends to challenge any claim of privilege over such documents based on the inadvertent production, it must do so within 7 days after receiving a written request from the Producing Party seeking the return or destruction of the inadvertently produced materials. During the pendency of any such challenge to a claim of privilege, the receiving Party may retain the

13

inadvertently produced materials, but may use such materials only for the purpose of litigating the claim of privilege.

(c) The return or destruction of inadvertently produced materials pursuant to this Paragraph shall not preclude the Parties returning or destroying the subject documents from moving to compel the production of the returned or destroyed documents on any ground other than that the documents were produced. A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (1) confidential, (2) privileged or (3) admissible in evidence at trial.

15. <u>Subpoenas</u>. Any Party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the materials as Confidential Information, identifying the materials sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

16. <u>Application to Non-Parties</u>. This Order shall apply to any non-party who is obligated to provide discovery, by deposition, production of documents or otherwise, in this litigation, if that non-party requests the protection of this Order as to its Confidential Information and agrees to be bound by the provisions of this Order by executing a Confidentiality Agreement in substantially the form attached hereto as Exhibit A. This Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise. Such non-parties shall execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A.

17. <u>Modification of the Order</u>. This Order shall not foreclose a Party from moving this Court for an order that any information, documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts or summaries of the foregoing, within the meaning of this Order are, in fact, not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: Outside Attorneys Custody Only", or otherwise protectable under Rule 26(c). In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

18. <u>Reservation of Jurisdiction</u>. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

19. <u>Parties Bound</u>. This Order is binding on all Parties to this action, on all non-parties who have agreed to be bound by this Order and on all others who have signed the

Agreement in substantially the form attached hereto as Exhibit A, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

20. <u>Time</u>. All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

21. <u>Execution in Counterparts</u>. This agreement may be executed in counterparts. Facsimile signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

STIPULATED AND AGREED TO:

Dated: May __, 2008

| O'MELVENY & MYERS LLP | COVINGTON & BURLING |
|---|---|
| By_____<br>Dale M. Cendali<br>Claudia Ray<br>Times Square Tower, 7 Times Square<br>New York, New York 10036<br>(212) 326-2000<br>dcendali@omm.com<br>cray@omm.com<br><br>*Attorneys for Plaintiff*<br>*Vitale AML Consultants, Inc.* | By_____<br>P. Benjamin Duke<br>620 Eighth Avenue<br>New York, NY 10036<br>(212) 841-1000<br>pbduke@cov.com<br><br>Anthony Herman<br>Joshua A. Doan<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>(202) 662-6000<br>aherman@cov.com<br>jdoan@cov.com<br><br>*Attorneys for Defendants*<br>*Promontory Financial Group, LLC and*<br>*Promontory Forensic Solutions, LLC* |

ITKOWITZ & HARWOOD

By_____
Jay B. Itkowitz
305 Broadway, 7th Floor
New York, New York 10007
(212) 822-1400, Ext. 102
jitkowitz@itkowitz.com

*Attorneys for Defendants Hani Samaan,*
*Prominent IT Solutions, Inc., Ronald Rose, and*
*AML Consulting Services, Inc.*

SO ORDERED:

_____ 6-12-08

Hon. Ronald L. Ellis, United States Magistrate Judge