IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
VITALE AML CONSULTANTS, INC., :
: Index No. 08-CV-1315 (RMB) RLE
Plaintiff, :
v. :
:
PROMONTORY FINANCIAL GROUP, LLC; :
PROMONTORY FORENSIC SOLUTIONS, LLC; :
HANI SAMAAN; PROMINENT IT SOLUTIONS, :
INC.; RONALD ROSE; AML CONSULTING :
SERVICES, INC.; and JOHN DOES (1-10), :
:
Defendants. :
:
------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 9-5-08

~~[PLAINTIFF VITALE AML CONSULTANTS, INC.'S PROPOSED]~~

## DISCOVERY ORDER

1. Following a conference before the Court on Thursday, August 14, 2008, and with the parties' consent, the Court hereby directs the parties, by the specified dates, to produce the materials specified in the following paragraphs herein, or a declaration stating that such materials have not been located by means of a reasonably diligent search; provided, however, that nothing herein shall be construed as compelling any party to produce materials (or portions thereof) that (a) are protected from disclosure by the attorney-client privilege or the work product doctrine, (b) contain confidential communications with any federal or state regulator, other confidential supervisory information, or other information that would disclose the findings of or specific deficiencies underlying an examination of a party's financial-institution clients; or (c) concern the filing of any suspicious activity report ("SAR") or that are otherwise prohibited from disclosure by federal or state law:

2.      Consistent with the Court's instruction at the August 14 hearing, and subject to the limitations in Paragraph 1, by August 28, 2008, the parties will produce the following materials:

      a.      The Promontory Defendants will produce any transaction monitoring procedures that they developed for or used at Firstbank Puerto Rico, Intesa Sanpaolo, American Express Bank, Banca di Roma, Banca Nazionale del Lavoro. In addition, the Promontory Defendants will produce any transaction monitoring procedures that they developed for or used at any other bank to the extent that the Rose Defendants, Samaan Defendants, and/or any current or former Vitale employee, independent contractor, and/or client were involved in creating, developing, providing, or implementing the procedures, or in providing any information or material(s) that was used or incorporated in such procedures.

      b.      The Promontory Defendants will produce and identify copies of all of the software versions identified in their August 8, 2008 letter to Vitale, with no more redactions than necessary to remove confidential client information (including revised versions as needed to correct any previous over-redactions).

      c.      The Promontory Defendants will produce and identify copies of the case management software versions that existed as of May 18 (PROM004928), May 28 (PROM001606), and September 17, 2007 (PROM011791).

      d.      The Promontory Defendants will produce and identify copies of all versions of the software that were used or developed for Banca di Roma.

e.  The Promontory Defendants will produce all engagement letters with Firstbank Puerto Rico, Banca di Roma, American Express, Intesa Sanpaolo, and Banca Nazionale del Lavoro, which the Promontory Defendants have identified as clients that either licensed Case Tracker, or for which Case Tracker or other AML case management software was used or created in connection with a Promontory AML transaction review or AML transaction monitoring engagement, to the extent they have not already been produced.

f.  The Promontory Defendants will produce, to the extent they have not already done so, all time sheets, invoices, and payment records in their possession, custody, or control relating to work done by the Rose and/or Samaan Defendants, or any employees or independent contractors of the Rose and/or Samaan Defendants, for the Promontory Defendants in relation to Firstbank Puerto Rico, Intesa Sanpaolo, American Express Bank, Banca di Roma, and Banca Nazionale del Lavoro. In addition, the Promontory Defendants will produce all time sheets, invoices, and payment records in their possession, custody, or control relating to work done by the Rose and/or Samaan Defendants, or any employees or independent contractors of the Rose and/or Samaan Defendants, for the Promontory Defendants in relation to any other bank for which the Promontory Defendants developed or used transaction monitoring procedures to the extent that the Rose Defendants, Samaan Defendants, and/or any current or former Vitale employee, independent contractor, and/or client were involved in creating, developing, providing, or implementing the procedures, or in providing any information or material(s) that was used or incorporated in such procedures.

g.  Vitale will produce and identify copies of the software versions listed in the Promontory Defendants' August 13, 2008 letter to Vitale.

      h.      Vitale will either produce corrected or legible copies of all non-privileged documents or attachments listed in the Promontory Defendants' August 13, 2008 letter to Vitale or will identify those materials referenced in the August 13th letter that are privileged, not relevant to the subject matter involved in this action, or otherwise non-responsive to the Promontory Defendants' requests for production.

      i.      Vitale and the Rose and Samaan Defendants will provide to each other (i) a list of devices, drives, and email accounts searched for documents responsive to the various discovery requests and (ii) the list of search terms that were used in conducting such searches. Vitale and the Rose and Samaan Defendants reserve the right to propose additional search terms that would reasonably lead to the discovery of responsive documents not already located or produced.

3.      By September 4, 2008:

      a.      The Promontory Defendants will produce, to the extent they have not already done so, invoices submitted to the Promontory Defendants by independent contractors, other than those mentioned in response to paragraph 2(f) above, for work performed involving case management software.

4.      By September 8, 2008:

      a.      The Rose and Samaan Defendants will produce all non-privileged electronically stored information ("ESI") responsive to Vitale's requests for production and located through a reasonably diligent search of documents in their possession, custody, or control

-- including any software and responsive files located by searching unallocated space for deleted recoverable files -- in .tiff format.

  b. The Rose and Samaan Defendants will produce timesheets, invoices, and payment records, located through a reasonably diligent search of documents in their possession, custody, or control, for all work done by them and their employees and/or independent contractors for the Promontory Defendants or any Promontory client.

  c. The Rose and Samaan Defendants will produce resumes, located through a reasonably diligent search of documents in their possession, custody, or control, for contractors who worked with Case Tracker.

  d. The Rose and Samaan Defendants will produce all contracts between them and the Promontory Defendants located through a reasonably diligent search of documents in their possession, custody, or control.

  e. Vitale will engage a third-party computer forensics expert to search for, and will produce, deleted recoverable files that are responsive to the defendants' requests for production in the unallocated space of the hard drives of the Vitale email server and Anne Vitale's business laptop, business desktop, and home desktop computers.

5. By September 15, 2008:

  a. The Promontory Defendants will search unallocated space on the hard drives of any Promontory computers used by the Rose and/or Samaan Defendants for, and will produce, deleted recoverable files that are responsive to Vitale's requests for production.

6. Consistent with Magistrate Judge Ellis' instruction at the August 14, 2008 conference, the parties will produce any and all documents that were previously withheld solely on the basis of a confidentiality agreement with a third party, rather than for any of the reasons outlined in paragraph 1 above.

SO ORDERED.

*Ronald Ellis*  9-5-08

Ronald L. Ellis, United States Magistrate Judge